MAUGA FESAGAIGA and TIUMALU
SIA SCANLAN, Plaintiffs

v.

LUTU TENARI and PRESIDENT OF
THE SENATE, Defendants

High Court of American Samoa
Trial Division

CA No. 3-89

March 14, 1989

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiffs, Charles Ala`ilima
 For Defendants, Edwin Gurr

On Motion for Summary Judgment:

Pursuant to Trial Court Rules of Civil Procedure Rule 12(b)(6), defendants move to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. The moving papers are supplemented by affidavits averring to matters outside the complaint and essentially seeking a summary adjudication on the merits. In these circumstances, we treat the motion as one for summary judgment pursuant to T.C.R.C.P. Rule 56. T.C.R.C.P. Rule 12(b).

For reasons given the motion will be denied in part and granted in part.

Defendants contend that judicial resolution of this case is inappropriate because of the "political question" doctrine. As here concerns us, that doctrine bars our consideration of a case where there is a "textually demonstrable constitutional commitment of [an] issue to a coordinate political department." Baker v. Carr, 369 U.S. 186, 217 (1962). Defendants maintain that the constitutional provision empowering each house of the Legislature to "be the judge of the elections, returns, and qualifications of its own members" creates the requisite "textually demonstrable constitutional commitment" to make the Senate's seating of defendant Lutu unreviewable. Rev. Const. Am. Samoa. art. II, § 22. This grant of power to the Senate to judge elections presupposes that an election has in fact been held.

117

As explained below, there is a factual issue over whether the election required by the Constitution ever occurred. Until such an election takes place, there is simply nothing for the Senate to judge, and therefore no "political question" preventing our intervention in the matter.[1]

A motion for summary judgment will fail when there remains a factual issue for determination. Here there is such an issue --- whether defendant Lutu has in fact been elected by the county as one of the three senators provided for the County of Maoputasi in accordance with the provisions of Article II, section 4 of the Revised Constitution of American Samoa.[2]

The affidavits in support of the motion are not altogether clear that the county had in fact elected defendant Lutu. Although Senate Credentials Committee Chairman Tagaloa M. Tuiolosega's affidavit refers to Lutu as having been "certified from Maoputasi," the affidavit also states that Lutu had been selected by a meeting only of the villages of Fagatogo, Utulei, and Fagaalu. The Chairman also deposed that these villages "was [sic] allotted one of the three senators [provided to the Maoputasi County]," again implying that the election decision was made by other than the entire county council.

Maoputasi County consists of the villages of Fatumafuti, Fagaalu, Utulei, Fagatogo, Pago Pago, Satala, Atuu, Lepua, Leloaloa, and Aua.[3] It may

---

[1] Having said as much, we also reject defendants' arguments to the effect that the Court is without subject matter jurisdiction. See Meredith v. Mola, 4 A.S.R. 773, 776-77 (1973) (citing Baker v. Carr, 369 U.S. 186 (1962); Powell v. McCormack, 395 U.S. 486 (1969)).

[2] This provision reads: "Senators shall be elected in accordance with Samoan custom by the county councils of the counties they are to represent, the number of senators from a county or counties to be as indicated . . . . Ma`uputasi [sic], three senators."

[3]. See Rev. Const. Am. Samoa art. II, § 2; A.S.C.A. § 5.0102.

well be that the Maoputasi County Council has recurringly alloted its three senatorial seats in the manner suggested by Chairman Tagaloa. But as properly stressed in Meredith v. Mola, the ultimate election of the senator must come from the county council as a whole deliberative body and not from the council of a sub-division of that county. 4 A.S.R. 773, 780-81 (1973). Accordingly, under the Constitution, the Fagatogo, Fagaalu, and Utulei village councils sitting as a body cannot on their own elect a senator. At best they may recommend or endorse a particular candidate which in the final analysis must somehow be given the stamp of approval, so to speak, by the greater Maoputasi County Council, whether that be by ratification or confirmation or some other process where it may be clearly understood that the final decision in the election of a senator rested in the Maoputasi County Council.

In addressing the provisions of Article II, section 4, Meredith v. Mola also held that election by the county clearly does not mean that the Senate elects a senator when the county cannot do so, nor does election by the county mean the appointment of a senator by one individual of the council.

On the strength of the affidavits before us, it is unclear whether the greater Maoputasi County Council has indeed given its seal of approval to the selection made by the village councils of Fagatogo, Fagaalu, and Utulei. Certainly, an important member of that greater county council, namely Mauga, is contesting such a selection of defendant Lutu by his bringing this action in the first place.

We add that the otherwise straight forward exercise of interpreting the relevant provisions of the Constitution has been unnecessarily made complicated by the parties' incursion into "custom." When Article II, section 4 talks in terms of the election of senators "in accordance with Samoan custom by the county councils of the counties they are to represent" (emphasis added), it is addressing the traditional Samoan manner of decision making as it existed at the time this constitutional provision was adopted. There is nothing abstruse nor esoteric about this constitutional directive. As then Acting Chief Justice Jochimsen observed in the case of Faiivae v. Mola, 4 A.S.R. 834, 836 (1975):

119

The people of . . . the County are fully aware of the Samoan custom in the matter of these kinds of [senatorial] selections. This Court will not lay down a rule as to exactly how a county council must decide upon the person it selects to be a Senator, especially as there may be variations on the methods and procedures employed in the different villages and counties.

While it makes for interesting reading to be briefed on the "consensual" basis of customary decision making, this Court is very confident that the Maoputasi County Council knows exactly what the Constitution expects of it in the matter of selecting a senator or senators in accordance with its customary decision-making process. At the same time, the contention by defendants that the customary decision-making process, as spoken of in the Constitution, includes an ability in the county to delegate completely that decision making to a mere sub-division of the county is simply untenable. The logical consequence of such an argument is that a new custom --- nay even a bad habit or ill conceived practice --- inconsistent with the requirements of the Constitution, will have the practical ability of repealing explicit and unambiguous provisions of the Constitution. Even the legislature in its normal legislative process is unable to repeal or amend the Constitution. To sanction therefore the proposition that the term "Maoputasi County," as the same appears in the Constitution, means its lesser included constituent the "Fagatogo, Fagaalu, and Utulei village councils," in the alleged name of Samoan custom, is to make mockery of the Constitution.

Finally, in our reading of Article II, section 4, we grant summary judgment against plaintiffs' contention that candidate Tiumalu was duly elected senator by the Maoputasi County Council in early 1985 for the 4 year term commencing in January 1989. Plaintiffs argue that in the selection of a senator for the 4 year term commencing 1985, the Fagatogo/Fagaalu Village Council did not reach an agreement on who was to be senator and that the matter was therefore referred to the greater Maoputasi County Council. Plaintiffs allege that when the greater council considered this dispute,

it was resolved by the council that defendant Lutu would be selected senator for the term commencing 1985 and that plaintiff Tiumalu would be seated as senator for the term commencing 1989. Even accepting the facts as stated by plaintiffs, the argument advanced cannot be the basis for any relief for the simple reason that it admits the possibility that any one council, for the time being composed, may select for the future any number of senators. The Constitution provides that "[e]ach senator shall hold office for a term of 4 years," Rev. Const. Am. Samoa, art. II § 6, and, as above discussed, the Constitution also provides that a senator is to be elected by his county council. In our view the cumulative effect of that election provision and section 6 is the logical requirement that the election process should occur every 4 years or subsequent to a sooner lapse of tenure. Further, a county council's composition is not static and its membership changes from time to time like any other organizational body and therefore no one particular county council should be permitted to lock senatorial selections into the future. This ability in the name of custom is as inconsistent with the Constitution as that suggestion above discussed regarding the complete delegation of the election process to a mere constituent body of the county council.

The motion is denied.

It is so Ordered.d.